Erin M. Erickson
Paul N. Tranel
Brandon R. Shannon
Bohyer, Erickson, Beaudette & Tranel, PC
PO Box 7729
Missoula, MT 59807-7729
Telephone (406) 532-7800
Email: mail@bebtlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> FRANZ CONSTRUCTION, INC.; GRIZZLY COIL TUBING SERVICES, INC.; ARLON FRANZ; and DON FRANZ, <br><br> Defendants. | Cause No. CV-25-05-BLG-TJC <br> Hon. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT ACTION** |

Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul")

brings this action alleging as follows:

### NATURE OF THE ACTION

1.     This is an insurance coverage action for declaratory relief under

28 U.S.C. § 2201 in which St. Paul seeks a declaratory judgment that St.

Paul has no duty to defend or indemnify the defendants in an underlying lawsuit.

## PARTIES

2.    Plaintiff St. Paul is a corporation organized under the laws of Connecticut with its principal place of business located in Connecticut.

3.    Upon information and belief, Defendant Franz Construction Inc. ("Franz Construction") is a corporation organized under the laws of Montana with its principal place of business in Richland County, Montana.

4.    Upon information and belief, Defendant Grizzly Coil Tubing Services, Inc. ("Grizzly Coil") is a corporation organized under the laws of Montana with its principal place of business in Richland County, Montana.

5.    Upon information and belief, Defendant Arlon Franz is an individual domiciled in Richland County, Montana.

6.    Upon information and belief, Defendant Don Franz is an individual domiciled in Richland County, Montana.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

COMPLAINT FOR DECLARATORY JUDGMENT ACTION                                   Page 2

8.    This Court has personal jurisdiction over Defendants Franz Construction, Grizzly Coil, Arlon Franz, and Don Franz because they are individuals or businesses located in Montana.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the defendants reside in or have their principal place of business in Montana.

10.    Venue is proper in the Billings Division of this Court pursuant to Local Rule of Procedure 3.2(b) because the defendants reside in or have their principal place of business in Richland County, Montana, which lies within the Billings Division of this Court.

11.    A declaratory judgment is appropriate because Arlon Franz, Don Franz, and Grizzly Coil are seeking insurance coverage in a lawsuit brought against them by Timothy Michael Drever ("Drever"), Patriot Coil Services USA Corp., nka Raven Well Services USA Corp.,("Patriot Coil") , and Patriot Equipment Ltd. ("Patriot Equipment") under insurance policies issued by St. Paul to Franz Construction and Grizzly Coil.

## FACTS

### A.    The Underlying Complaint

12.    On April 30, 2024, Drever, Patriot Coil, and Patriot Equipment filed a lawsuit against Arlon Franz, Don Franz, and Grizzly Coil in The

United States District Court for the District of North Dakota, Cause No. 1:24-cv-00072-DLH-CRH (the "Underlying Lawsuit").

13.    A true and correct copy of the Complaint from the Underlying Lawsuit is attached as **Exhibit A** (the "Underlying Complaint").

14.    The Underlying Complaint alleges that Patriot Coil was formed in 2016 to engage in the coil tubing (a material used in hydraulic fracturing operations) business in North Dakota.

15.    The Underlying Complaint alleges Arlon Franz bought into Patriot Coil as a shareholder in 2017, where he gained knowledge of Patriot Coil's employees, customers, and operations.

16.    The Underlying Complaint alleges that Arlon Franz took over Patriot Coil's employees, customers, and equipment and transferred them to Grizzly Coil. Specifically, Arlon Franz transferred all but one of Patriot Coil's employees, took over all of Patriot Coil's customers and work, and "appropriated" Patriot Coil's equipment.

17.    The Underlying Complaint alleges that Don Franz provided funding and assistance and has a controlling interest in Grizzly Coil.

18.    The Underlying Complaint alleges that Arlon Franz "fraudulently forged" Drever's signature to transfer funds and equipment from Patriot Coil to Grizzly Coil. It is alleged that Patriot Coil lost valuable

equipment, employees, and customers and has been forced to cease operation, harming Patriot Coil, Patriot Equipment, and Drever.

19.     The Underlying Complaint includes ten causes of action: Breach of Fiduciary Duty (Arlon Franz), Aiding and Abetting Breach of Fiduciary Duty (Don Franz), Misappropriation of Corporate Opportunity (Arlon Franz), Conversion, Conversion (Conspiracy), Fraud, Fraud (Conspiracy), Tortious Interference with Contract, Tortious Interference with Contract (Conspiracy), and Unjust Enrichment.

### B.     The Policies

20.     Arlon Franz, Don Franz, and Grizzly Coil have tendered the claims made in the Underlying Lawsuit to St. Paul for defense and indemnity. Specifically, they are seeking coverage under a policy issued to Franz Construction, No. ZLP-14P89828-18-N4, and under a policy issued to Grizzly Coil, policy No. ZPP-91M81929-17-N4 (collectively, the "St. Paul Policies").

21.     A true and correct copy of the policy issued to Franz Construction is attached as **Exhibit B**, and a true and correct copy of the policy issued to Grizzly Coil is attached as **Exhibit C**.[1] The policy issued to

---

[1] Premium information has been redacted and some automobile insurance information, which is not at issue in this matter, has been removed for length.

COMPLAINT FOR DECLARATORY JUDGMENT ACTION                              Page 5

Grizzly Coil was initially issued to Arlon Franz, but was amended to cover Grizzly Coil.

22.    St. Paul has agreed to defend Arlon Franz, Don Franz, and Grizzly Coil under the St. Paul Policies, subject to a complete reservation of rights.

23.    The policy issued to Franz Construction provides coverage for Franz Construction, and its "directors and executive officers . . . only for the conduct of their duties as your [Franz Construction's] directors or executive officers. And your [Franz Construction's] stockholders are protected persons only for their liability as your [Franz Construction's] stockholders."

24.    The Underlying Complaint does not include any allegations against Franz Construction. The Underlying Complaint does not include any allegations against Franz Construction's directors, executives, or shareholders for conduct while they were acting on behalf of Franz Construction.

25.    Further, under the St. Paul Policies, coverage is triggered by allegations of an "event," which is defined as an "accident," and coverage is excluded for damage "that's expected or intended."

26.    The Underlying Complaint does not allege damages because of bodily injury, property damage, or accidental conduct, and further, all of

the damages sought in the Underlying Lawsuit are intended or expected by the insureds.

27.    Accordingly, there is no coverage under the St. Paul Policies, and St. Paul has no duty to defend or indemnify Arlon Franz, Don Franz, or Grizzly Coil in the Underlying lawsuit.

## COUNT 1: DECLARATORY JUDGMENT

28.    St. Paul realleges and incorporates each of the preceding paragraphs as though fully set forth herein.

29.    The defendants seek defense and indemnity for the Underlying Lawsuit under the St. Paul Policies.

30.    The Underlying Complaint does not make allegations which trigger coverage under the St. Paul Policies.

31.    In the alternative, even if coverage is triggered, coverage is barred by one or more of the terms, conditions, or exclusions.

32.    Therefore, a dispute has arisen and St. Paul is entitled to a declaration that it has no duty to defend or indemnify Franz Construction, Arlon Franz, Don Franz, and Grizzly Coil against the claims in the Underlying Complaint.

WHEREFORE, St. Paul requests that this Court enter Judgment against defendants as follows:

A.      Declaring that St. Paul does not owe a duty to defend or indemnify Franz Construction, Arlon Franz, Don Franz and/or Grizzly Coil for the claims made in the Underlying Lawsuit; and

B.      The Court should provide further relief as the Court deems necessary.

DATED January 7, 2025.

/s/ Brandon R. Shannon
Brandon R. Shannon
BOHYER, ERICKSON, BEAUDETTE &
TRANEL, PC
*Attorneys for Plaintiff*